**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SADE FOSTER** | ) | **CASE NO.:** |
| 2500 Rockside Road | ) | |
| Bedford Hts., OH 44146 | ) | **JUDGE:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(FMLA VIOLATIONS)** |
| **CRESTMONT AUTO GROUP, LLC** | ) | |
| c/o Rick D. Sonkin, Statutory Agent | ) | |
| 3401 Enterprise Parkway, Suite 400 | ) | |
| Beachwood, OH 44122 | ) | |
| | ) | |
| and | ) | **(JURY DEMAND ENDORSED HEREON)** |
| | ) | |
| **CRESTMONT BUICK GMC, LLC** | ) | |
| c/o Alex L. Park, Statutory Agent | ) | |
| 26000 Chagrin Boulevard | ) | |
| Beachwood, OH 44122 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CRESTMONT CADILLAC CORP.** | ) | |
| c/o Rick D. Sonkin, Statutory Agent | ) | |
| 3401 Enterprise Parkway, Suite 400 | ) | |
| Beachwood, OH 44122 | ) | |
| | ) | |
| **Defendants.** | ) | |

**I.    Introduction**

1. Plaintiff brings this action as she's been deprived rights secured by the Family Medical

    Leave Act, 29 U.S.C. § 2601, *et seq*.

**II.     Jurisdiction and Venue**

2.    This Court has jurisdiction of Plaintiff's claims alleged herein under 28 U.S.C. § 1331 as these claims arise under the laws of the United States.  Venue is proper in this Court under 28 U.S.C. §1391 as the acts giving rise to these claims occurred in this judicial District and Division.

**III.    Parties**

3.    Plaintiff, Sade Foster, is a resident of Ohio, Cuyahoga County, having an address referenced in the caption of this Complaint.

4.    Defendant Crestmont Auto Group, LLC ("Auto Group") is an Ohio limited liability company whose principal place of business is in Beachwood, Ohio.  During the relevant time alleged in this Complaint it employed Suzanne Krause as its Human Resource Manager.  Among other responsibilities, Krause submitted EEO-1 reports to the Equal Employment Opportunity Commission on behalf of defendants named herein including affiliated companies named Crestmont Hyundai, LLC and Genesis of Brunswick, LLC (the affiliated companies hereinafter referred to as "Affiliates").

5.    Defendant Crestmont Cadillac Corp. ("Cadillac") is an Ohio corporation whose principal place of business is in Beachwood, Ohio. During the relevant time alleged in this Complaint it employed George Scott as a Service Director.

6.    Defendant Crestmont Buick GMC, LLC ("Buick") is an Ohio limited liability company whose principal place of business is in Beachwood, Ohio.  During the relevant time alleged in this Complaint Krause and Scott undertook their respective responsibilities as Human Resource Manager and Service Director for Defendant Buick.  As Defendants Cadillac and Buick, by and through Krause and Scott, exercised some control over the working conditions of Plaintiff, and Krause and Scott each acted directly or indirectly in

      the interest of these Defendants, these Defendants were joint employers of Plaintiff under 29 C.F.R. § 825.106.

7. During the calendar years of Plaintiff's employment with Defendant GMC, Defendant GMC, Defendant Cadillac, and Defendant Auto Group, including the Affiliates alleged in paragraph 4 above, collectively employed more than 50 employees for each working day in 20 or more calendar weeks.

8. And, during Plaintiff's employment, Defendant Auto Group, Defendant GMC, and Defendant Cadillac, including the Affiliates, and for purposes of determining coverage under 29 C.F.R. 825.104 (a), were an employer of Plaintiff under 29 C.F.R. 825.104 (c)(2) as these entities shared common management, there was a centralized control of labor relations, and an interrelation between operations.

## IV. Background

9. Plaintiff restates the allegations set forth in the preceding paragraphs.

10. Plaintiff, who suffers from epilepsy and postural tachycardia syndrome, began her employment with Defendant GMC as a BDC receptionist on July 9, 2020. In this position she answered telephone calls, set up appointments and cashed out customers.

11. By July 10, 2021, Plaintiff had worked for Defendant GMC for more than 1,250 hours. At this time, she was an eligible employee under 29 U.S.C. § 2611 (2)(A).

12. On or around August 7, 2021, Plaintiff's medical conditions caused her to miss approximately four (4) weeks of work.

13. When she returned to work, Plaintiff wanted assurances that this absence and any future absences attributable to her medical conditions would be covered under the Family Medical Leave Act.

14. To obtain this assurance, Plaintiff spoke with Krause about this absence and future absences. Krause, who had been aware of Plaintiff's medical conditions and previous absences attributable thereto, told Plaintiff she, Plaintiff, would not need to have her prior absence or any future absences covered as FMLA leave.

15. At no time during Plaintiff's employment did she receive form WH-382 or any similar document informing her leave attributable to her medical conditions would be designated FMLA qualifying, and thus protected, although Plaintiff received, had completed by her medical provider, and provided to Krause, the certification required by form WH-380 evidencing she had serious health conditions and it would be medically necessary for Plaintiff to be absent from work, intermittently, when those conditions manifested.

16. On December 6, 2021, Plaintiff missed work. At this time, she experienced epileptic episodes exacerbated by her pregnancy.

17. On December 6, 2021, she communicated with Krause about her epileptic episodes, informing Krause they were frequently occurring. Plaintiff informed Krause that she, Plaintiff, told her immediate supervisor about her episodes and she would likely be out for the remainder of the week because of these episodes.

18. On Tuesday, December 13, 2021, Krause communicated with Plaintiff, inquiring when Plaintiff would return.

19. On that day Plaintiff replied she was feeling better and would return to work the following day. At this time Plaintiff stated she was going to return that day but when she got dressed, she passed out.

20. On December 14, 2021, Plaintiff returned to work at the GMC facility, ready to resume her duties following a FMLA qualified leave. Upon her return Krause and Scott met with Plaintiff.

21. At this time Scott told Plaintiff because she could not maintain a forty (40) hour work week she had to resign. He also stated Plaintiff was a liability to the company after which Krause stated her best option was to resign, with an option to come back.

22. Krause thereafter scribed a document stating Plaintiff resigns her position, with an option to come back, which Plaintiff signed. Surprisingly to Plaintiff, Krause thereafter asked Plaintiff if she needed a box to retrieve her items, making it readily apparent an immediate return was not possible, or her continued employment was not desired, particularly as she was told she was a liability to the company by virtue of her absences attributable to her medical conditions.

23. Defendants terminated Plaintiff on December 14, 2021, her employment with Defendants ceasing on that date.

24. Because Plaintiff was forced to resign, Defendants failed to reinstate Plaintiff to the position she held prior to her last absence.

## COUNT 1
### (ENTITLEMENT OR INTERFERENCE CLAIMS)

25. Plaintiff restates the allegations set forth in the preceding paragraphs.

26. By terminating Plaintiff or failing to reinstate Plaintiff following a FMLA qualified leave, Defendants violated 29 U.S.C. §§ 2614(a)(1) and 2615, including 29 C.F.R. § 825.220(c) (characterizing a termination following an eligible FMLA leave as both an interference and retaliation claim).

27. By failing to designate Plaintiff's absences attributable to her serious health conditions as FMLA qualifying and notifying Plaintiff of that designation, Defendants interfered with Plaintiff's FMLA rights and violated 29 C.F.R. § 825.300.

28. By telling Plaintiff absences attributable to her serious health conditions did not have to be covered as FMLA leave Defendants violated 29 U.S.C. § 2615 and 29 C.F.R. § 825.220(b).

29. As a result of these violations, Plaintiff, not fully informed of her FMLA rights, lost compensation, which loss is continuing.

WHEREFORE, Plaintiff request judgment in her favor against Defendants for back pay, front pay, reinstatement, liquidated damages, interest thereon, including reasonable attorney fees and costs of this action.

Respectfully submitted,

*/s/ Douglas L. Winston*
DOUGLAS L. WINSTON, Esq.  #0034695
Law Office of Douglas L. Winston
3401 Enterprise Parkway, Suite 340
Beachwood, OH 44122-7340
(216) 570-6129 direct
(216) 766-5735
(440) 461-9102 facsimile
dwinston@counselorwinston.com
Counsel for Plaintiff
Sade Foster

### JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

*/s/ Douglas L. Winston*